**FILED**

SEP 7 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, a Delaware corporation formerly known as ROYAL INDEMNITY COMPANY, as successor to GLOBE INDEMNITY COMPANY,<br><br>　　　Plaintiff,<br>vs.<br><br>BEL AIR MART, a California corporation; R. GERN NAGLER, as Trustee of the John W. Burns Testamentary Trust; ROBERT GERN NAGLER, an individual,<br><br>　　　Defendants. | CASE NO. 2:11-CV-00976-JAM-DAD<br><br>[~~PROPOSED~~] ORDER GRANTING BEL AIR MART'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>DATE:　September 7, 2011<br>TIME:　9:30 a.m.<br>CTRM:　6<br><br>Hon. John A. Mendez |
| BEL AIR MART, a California corporation,<br><br>　　　Counterclaim Plaintiff,<br>vs.<br><br>ARROWOOD INDEMNITY COMPANY, a Delaware corporation formerly known as ROYAL INDEMNITY COMPANY, as successor to GLOBE INDEMNITY COMPANY, | |

///

1

1    The motion of defendant and counterclaim-plaintiff Bel Air Mart ("Bel Air") for
2 partial summary judgment regarding its right to be represented in an underlying lawsuit by
3 independent counsel pursuant to California Civil Code section 2860 came on regularly for
4 hearing on the 9:30 a.m. calendar on September 7, 2011, in Courtroom 6 of the above-
5 entitled court, located at 501 I Street, Sacramento, CA 95814, the Honorable John A.
6 Mendez presiding. Gary W. Osborne of Osborne & Nesbitt, LLP appeared for Bel Air and
7 Mr. B. Celebrezze ~~Alexander E. Potente~~ of Sedgwick LLP appeared on behalf of Arrowood Indemnity
8 Company ("Arrowood").

9    Having considered the arguments of counsel, both written and oral, and good cause
10 appearing, the Court hereby **grants** Bel Air's Motion for Partial Summary Judgment and
11 hereby orders and declares that Bel Air is entitled to be defended in the underlying CERCLA
12 lawsuit by independent counsel pursuant to California Civil Code section 2860. This ruling
13 is based on the fact that several conflicts of interest exist between Arrowood and Bel Air
14 which entitle Bel Air to be defended by independent counsel of its own choice. One such
15 conflict is based on Arrowood's reservation to deny coverage if Bel Air expected or intended
16 contamination, or if the contamination was "non-accidental," which are facts at issue in the
17 underlying litigation which can, therefore, be controlled or impacted by panel counsel first
18 retained by the Arrowood for the defense of the claim. A second such conflict exists by
19 virtue of the fact that Arrowood is itself a defendant in the underlying CERCLA litigation,
20 with an incentive to shift liability to Bel Air for expected, intended, and non-accidental
21 discharges. A third such conflict exists by virtual of the fact that Arrowood has sued Bel Air
22 in the instant insurance coverage litigation. Each and every one of these conflicts,
23 considered separately or together, entitles Bel Air to be defended in the underlying CERCLA
24 litigation by independent counsel of its own choice pursuant to California Civil Code section
25 2860.

26 **IT IS SO ORDERED.**

27 DATED: 9-7-2011

   THE HONORABLE JOHN A. MENDEZ
   UNITED STATES DISTRICT COURT JUDGE