1  BRUCE D. CELEBREZZE (SBN 102181)
   bruce.celebrezze@sedgwicklaw.com
2  ALEXANDER E. POTENTE (SBN 208240)
   alex.potente@sedgwicklaw.com
3  ERYK R. GETTELL (Bar No. 245245)
   eryk.gettell@ sedgwicklaw.com
4  SEDGWICK LLP
   333 Bush Street, 30th Floor
5  San Francisco, California 94104
   Telephone: (415) 781-7900
6  Facsimile: (415) 781-2635

7  Attorneys for Plaintiff and Counterdefendant
   ARROWOOD INDEMNITY COMPANY formerly
8  known as ROYAL INDEMNITY COMPANY,
   as successor to GLOBE INDEMNITY COMPANY

10 GARY W. OSBORNE (SBN 145734)
   DOMINIC S. NESBITT (SBN 146590)
11 OSBORNE & NESBITT LLP
   501 West Broadway, Suite 1760
12 San Diego, California 92101
   Phone: (619) 557-0343
13 Fax: (619)557-0107
   gosborne@onlawllp.com
14 dnesbitt@onlawllp.com

15 Attorneys for Defendant and
   Counterclaim Plaintiff, BEL AIR MART

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, a Delaware corporation formerly known as ROYAL INDEMNITY COMPANY, as successor to GLOBE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BEL AIR MART, a California corporation; R. GERN NAGLER, as Trustee of the John W. Burns Testamentary Trust; ROBERT GERN NAGLER, an individual,<br><br>Defendants. | CASE NO. 2:11-CV-00976-JAM-DAD<br><br>**STIPULATED PROTECTIVE**<br><br>**ORDER**<br><br>Hon. John A. Mendez |

1
STIPULATED PROTECTIVE ORDER [PROPOSED]

PDF created with pdfFactory trial version www.pdffactory.com

```
BEL AIR MART, a California corporation,

        Counterclaim Plaintiff,

vs.

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation formerly known as
ROYAL INDEMNITY COMPANY, as
successor to GLOBE INDEMNITY
COMPANY,

        Counterclaim Defendant.
```

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**1.    Purposes and Limitations**

Discovery proceedings in this action may involve the production and disclosure of trade secrets or other confidential and proprietary commercial or financial information for which protection from public disclosure and from use for purposes other than prosecuting or defending this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 8 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures to be followed when a party seeks permission from the Court to file material under seal.

**2.    Definitions**

For purposes of this Order, the following terms shall have the meanings set forth below:

2.1. "Challenging Party" shall mean and refer to a Party that challenges a designation of information under this Order;
2

STIPULATED PROTECTIVE ORDER [PROPOSED]

PDF created with pdfFactory trial version www.pdffactory.com

2.2. "Confidential Information" shall mean information that qualifies for protection under Federal Rule of Civil Procedure 26(c);

2.3. "Designating Party" shall mean and refer to a Party that designates information that it produces in responses to discovery as "CONFIDENTIAL";

2.4. "Discovery Material" shall mean all information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony and transcripts), that are produced or generated in responses to discovery in this action;

2.5. "Expert" shall mean and refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action;

2.6. "Party" shall mean and refer to any party to this action, including all of its officers, directors, employees, consultants, attorneys, affiliates and subsidiaries (and their support staffs);

2.7. "Producing Party" shall mean and refer to a Party that produces Discovery Material in this action;

2.8. "Professional Vendors" shall mean and refer to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

2.9. "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL";

2.10. "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

**3.     Scope**

The protections conferred by this Stipulation and Order do not cover (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

PDF created with pdfFactory trial version www.pdffactory.com

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. Duration

This Order shall continue to be binding throughout this action, including any appeal thereof. This Order, as an agreement, shall remain in effect until all Confidential Information is returned to the Producing Party or destroyed, as provided below. Within thirty (30) days after termination of this action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the Producing Party all Protected Material, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained. In the alternative, counsel for any Party receiving Protected Material may supervise the destruction thereof, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained. Counsel shall then advise counsel for the Producing Party in writing that all Protected Material, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained have been destroyed or returned. Notwithstanding the foregoing, counsel are entitled to retain an archival copy (in electronic form or otherwise) of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the parties' agreement for confidentiality as set forth herein.

### 5. Designating Protected Material

By designating a document, testimony, or information derived therefrom as "CONFIDENTIAL", the Designating Party certifies to the Court and other Parties that

PDF created with pdfFactory trial version www.pdffactory.com

there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

### 5.1.  Documents

All confidentiality designations shall be made by the Designating Party at the time documents are produced by affixing the legend "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins). Affixing the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party.

### 5.2.  Deposition Testimony

Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record before the close of the deposition or at some reasonable time thereafter. Arrangements shall be made with the court reporter taking and transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

### 5.3.  Inadvertent Failures to Designate

An inadvertent failure to designate qualified information does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.  Challenging Confidential Designations

Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

PDF created with pdfFactory trial version www.pdffactory.com

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The Challenging Party shall initiate the challenge process by providing written notice of each designation it is challenging (making specific reference therein to this section of the Order) and describing the basis for each challenge. The Designating Party shall respond to each challenge in writing within ten (10) days, stating with particularity the bases for asserting that the material is properly designated. If no timely written response is made to a challenge, the challenged designation is deemed void. If a timely written response is made to a challenge, counsel for the Parties shall, within five (5) days of the Designating Party's written response, confer in good faith in an effort to resolve the dispute.

If the Parties are unable to resolve a challenge without court intervention, the Designating Party shall file and serve a motion for a further protective order within twenty-one (21) days of the initial notice of challenge. Failure of the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      Access to and Use of Protected Material**

A Receiving Party may use Protected Material that is produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons

PDF created with pdfFactory trial version www.pdffactory.com

and under the conditions described in this Order.

Unless otherwise ordered by the Court or permitted in writing by the Designated Party, a Receiving Party may disclose any information designated "CONFIDENTIAL" only to:

(a)  any Party;

(b)  counsel for any Party, including their paralegals and clerical staff, consultants, and in-house counsel;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(d)  the Court and its personnel;

(e)  court reporters (and their staff) engaged for depositions, hearings or trial;

(f)  Professional Vendors who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(g)  Reinsurance companies and their employees who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(h)  witnesses in this action to the extent necessary for the conduct of this litigation who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(i)  the author(s) or any recipient of the document or the original source of the information in any document or a custodian or other person who otherwise possessed or knew the information; and

(j)  third-party claim monitoring companies who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**8.   Filing Protected Material**

Unless written permission is received from the Designating Party, a Party desiring to file Protected Material with the Court in this action must first seek, after appropriate notice to the Designating Party, an order from the Court allowing the filing

PDF created with pdfFactory trial version www.pdffactory.com

of the specific Protected Material at issue under seal, in accordance with Local Rule 141. If a Receiving Party's request to file Protected Material under seal is denied by the Court in whole or in part, then the Receiving Party may file in the public record all of such Protected Material, or such portion thereof as to which a sealing order was not granted.

### 9. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", that Party shall (a) promptly notify in writing the Designating Party, which notification shall include a copy of the subpoena or order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Stipulated Protective Order. The Designating Party shall bear the burden and expense of seeking protection in the court that issued the subpoena or order of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10. Right to Further Relief

Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.  This Order and Agreement may be enforced by an Order of specific performance, as well as any claim for damages.

### 11. Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

PDF created with pdfFactory trial version www.pdffactory.com

covered by this Protective Order.

**12.     Showing That Protection Should Be Addressed By Court Order**

A court order should be used to protect the parties' Confidential Information than a private agreement for the following reasons:

1)  A court order provides a more efficient enforcement mechanism for both parties and non-parties to the litigation should confidential documents be used in contravention of this agreement;

2) A court order better controls document dissemination, particularly if non-parties receive the information without agreeing to the terms of the protective order;

3) The protective order also provides a procedure for the Court to rule on disputes concerning designations of Confidential Information; and

4) The protective order will also serve the interests of judicial economy because it will minimize the need for the parties to bring discovery motions concerning documents designated as "CONFIDENTIAL."

DATED: January 23, 2012            OSBORNE & NESBITT LLP


                                   By:  /s/ Gary W. Osborne (as authorized on January 22, 2012)
                                   Gary W. Osborne
                                   Attorney for Defendant and
                                   Counterclaim Plaintiff BEL AIR MART


DATED: January 23, 2012            SEDGWICK LLP


                                   By:    /s/ Eryk R. Gettell
                                   Bruce D. Celebrezze
                                   Alexander E. Potente
                                   Eryk R. Gettell
                                   Attorney for Plaintiff and Counterdefendant
                                   ARROWOOD INDEMNITY COMPANY,
                                   formerly known as ROYAL INDEMNITY

PDF created with pdfFactory trial version www.pdffactory.com

                                      COMPANY, as successor to GLOBE INDEMNITY COMPANY

DATED: January 23, 2012        WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP

By:  /s/ Carl P. Blaine (as authorized on January 20, 2012)
Carl P. Blaine
Attorney for Defendants R. GERN NAGLER, Trustee of the Estate of John W. Burns, and ROBERT GERN NAGLER, individually

## **ATTESTATION OF FILING**

Pursuant to Local Rule 131, I attest that I have obtained concurrence in the filing of this document from the counsel listed above.

 /s/ Eryk R. Gettell

Eryk R.Gettell

Based upon the Stipulation of the Parties, IT IS SO ORDERED.

DATED:  January 23, 2012        /s/ John A. Mendez_____
                                            UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California, Sacramento Division, on _____ [date] in the case entitled *Arrowood Indemnity Co. v. Bel Air Mart, et al.*, Case No. 2:11-CV-00976-JAM-DAD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, Sacramento Division, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PDF created with pdfFactory trial version www.pdffactory.com