1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    ARROWOOD INDEMNITY COMPANY, a        No.  2:11-CV-00976-JAM-DAD
      Delaware corporation formerly
12    known as ROYAL INDEMNITY
      COMPANY, as successor to
13    GLOBE INDEMNITY COMPANY,             **ORDER GRANTING BEL AIR MART'S**
                                           **MOTION TO COMPEL FEE ARBITRATION**
14                  Plaintiff,             **PURSUANT TO CALIFORNIA CIVIL**
                                           **CODE § 2860(c)**
15         v.

16    BEL AIR MART, a California
      corporation; R. GERN NAGLER,
17    as Trustee of the John W.
      Burns Testamentary Trust;
18    ROBERT GERN NAGLER, an
      individual,
19
                    Defendants.
20

21         This matter is before the Court on Defendant Bel Air Mart's

22    ("BAM") Motion to Compel Arbitration under California Civil Code

23    § 2860(c) (Doc. #47).  Plaintiff Arrowood Indemnity Company

24    ("Arrowood") opposes the Motion (Doc. #50).

25    ///

26    ///

27    ///

28    ///

                                    1

I. BACKGROUND

This case arises from an underlying action brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") by BAM against various owners and operators of a dry cleaning facility on BAM's leased property. The CERCLA defendants counterclaimed against BAM and BAM tendered the defense of those claims to Arrowood, its insurer. In January 2011, Arrowood agreed to defend BAM against the counterclaims and appointed counsel under a reservation of rights. BAM objected to the appointment of counsel, requesting independent counsel of its choosing due to conflicts of interest.

In April 2011, Arrowood filed the present action seeking a declaration of whether it owed a duty to defend, whether BAM was entitled to independent counsel, and whether BAM had breached the policy's cooperation clause. BAM counterclaimed against Arrowood for breach of contract, alleging that Arrowood failed to pay independent counsel's fees. In September 2011, the Court granted BAM's Motion for Partial Summary Judgment, holding that BAM was entitled to independent counsel under § 2860 of the California Civil Code due to conflicts of interest between BAM and Arrowood. The Court did not resolve the ultimate issue of whether Arrowood owed BAM a duty to defend.

BAM now requests that Arrowood pay its independent counsel's fees in the amount of $365,089.65. BAM determined the requested amount through an allocation analysis by its independent counsel designating "covered" tasks as those deemed reasonable and necessary to the defense. Arrowood disputes the fees and has paid only $208,835.79. It challenges BAM's allocation and

1    reasonableness determinations.

2        While Arrowood agrees that § 2860 requires arbitration of

3    independent counsel's rates, it refuses to arbitrate the

4    allocation and reasonableness issues, contending that those

5    issues are solely within the purview of the Court.  Arrowood also

6    requests that any arbitration be stayed until the Court or a jury

7    determines whether Arrowood owes a duty to defend.

8

9                            II. OPINION

10       A. Legal Standard

11       California Civil Code § 2860 specifies that where an insurer

12   owes a duty to defend its insured and a conflict of interest

13   arises, the insurer is required to provide independent counsel to

14   represent the insured.  Cal. Civ. Code § 2860(a).  California

15   Civil Code § 2860(c) provides that "[a]ny dispute concerning [an

16   insured's independent counsel's] attorney's fees" shall be

17   submitted to arbitration.  However, overarching coverage issues

18   concerning the existence of a duty to defend must be determined

19   at trial and not through arbitration.  Compulink Mgmt. Ctr., Inc.

20   v. St. Paul Fire and Marine Ins. Co., 169 Cal. App. 4th 289, 300

21   (2008).  Further, when a duty to defend exists, an insurer is

22   only responsible for representing its insured with respect to

23   defensive claims.  James 3 Corp. v. Truck Ins. Exch., 91 Cal.

24   App. 4th 1093, 1104 (2001).

25       In addition to compelling arbitration, a court may stay

26   proceedings in order to "control the disposition of the causes on

27   its docket with economy of time and effort for itself, for

28   counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248,

                                    3

254 (1936).  If a court determines that other issues between the parties are not subject to arbitration and that their resolution may make arbitration unnecessary, a court may stay arbitration until those issues are resolved.  Cal. Civ. Proc. Code § 1281.2(c).

        B. Discussion

     BAM argues in support of its motion that the language of § 2860(c) clearly covers allocation and reasonableness in specifying that "[a]ny dispute concerning attorney's fees" is subject to mandatory arbitration.  Arrowood concedes that the rates dispute is subject to arbitration, but maintains that allocation and reasonableness fall outside § 2860(c)'s mandate and thus should be decided by the Court or a jury.  Arrowood also contends that any arbitration should be stayed until the Court or a jury has decided whether Arrowood owes a duty to defend and the scope of that duty.

            1. Defendant's Motion to Compel Arbitration

                a.  Arbitrability of Rates

     The parties agree that a determination of the appropriate hourly rate to be paid by Arrowood to independent defense counsel for BAM is subject to arbitration, so this issue is not in dispute.  While the parties disagree regarding the appropriateness of a stay on arbitration, they do not dispute that the rates issue is ripe for determination.

                b.  Arbitrability of the Reasonableness of Fees

     Arrowood contends that the reasonableness issue, or a determination of which independent counsel hours were reasonably incurred in BAM's defense, is not arbitrable.  Arrowood argues

4

1  that § 2860(c)'s arbitration provision applies only to

2  determinations of hourly rates.  It contends that the preceding

3  portion of § 2860(c), which discusses rates, confines the

4  arbitration requirement to apply to rates only.  BAM maintains

5  that the plain language of § 2860 covers the present dispute over

6  attorney's fees.

7       Rulings on the appropriateness of arbitration have

8  ultimately rested on what courts have deemed the "gravamen of the

9  complaint."  See Compulink, 169 Cal. App. 4th at 293 (citing

10  Fireman's Fund Insurance Co. v. Younesi, 48 Cal. App. 4th 451,

11  455 (1996)) (comparing the gravamen of the complaint in Younesi

12  that "counsel had engaged in a scheme of fraudulent billing

13  practices" to "the gravamen of Compulink's complaint . . . that

14  it was entitled to additional attorney's fees").  Intergulf

15  Development LLC v. Superior Court, 183 Cal. App. 4th 16, 20

16  (2010), for example, reversed an order to arbitrate where the

17  insurer did not respond to the insured's request for independent

18  counsel and thus "the gravamen of the complaint [was] bad faith

19  and breach of contract, not a dispute over the amount Interstate

20  should pay independent counsel . . . ."  Id.  By contrast, the

21  court in Long v. Century Indemnity Co., 163 Cal. App. 4th 1460,

22  1466 (2008), compelled arbitration where the parties had agreed

23  on independent counsel and "the gravamen of the breach-of-the-

24  implied-covenant claim [was that counsel] was not paid the hourly

25  rate he sought."  Id.

26       An assertion of additional claims such as bad faith or

27  breach of contract will not preclude arbitration if fees

28  constitute the ultimate focus of the dispute.  See Compulink, 169

1   Cal. App. 4th at 300 ("[T]he presence of other non-arbitrable

2   issues in an action does not preclude arbitration of [independent

3   counsel] fee issues, as long as any disputed matters regarding

4   the duty to defend . . . are resolved by the trial court.").

5   However, where the parties' dispute centers on issues outside the

6   scope of fees, or where fee amounts are not disputed, arbitration

7   is inappropriate.  See Intergulf, 183 Cal. App. 4th at 20.  For

8   instance, in BKM Total Office of California v. Pacific Insurance

9   Co., No. B173073, 2005 WL 36148, at *4 (Cal. App. Feb. 16, 2005),

10  the court affirmed denial of a motion to compel arbitration where

11  the insurer failed to tender a defense but the amount of fees and

12  billing rate were not contested.  Id.  Similarly, in Younesi, the

13  lower court's denial of a motion to compel arbitration was

14  affirmed where the insurer alleged a scheme of fraudulent billing

15  practices on the part of independent counsel.  See Younesi, 48

16  Cal. App. 4th at 458.

17      Arrowood relies on Younesi and BKM, but the facts of both

18  cases are distinguishable.  Arbitration was denied in Younesi

19  because the dispute centered on alleged fraudulent billing

20  practices, not the amount of fees alone.  Id.  Arrowood's

21  argument that the present case is similar because it centers on

22  the scope of coverage rather than fees is unconvincing.  Unlike

23  fraudulent billing claims, which constitute allegations outside

24  the context of a fee disagreement, the supposed separate claim

25  here falls within the fee dispute itself.  Arrowood also

26  overreads the Younesi court's statement that § 2860 "limit[s] the

27  scope of arbitrable disputes to those in which only the amount of

28  legal fees or the hourly billing rates are at issue."  Id. at

459.  Arrowood sees Younesi as restricting § 2860 arbitration to rate determinations, but other courts have criticized this interpretation.  See Compulink, 169 Cal. App. 4th at 300.  The Compulink court refused to follow such a narrow reading of § 2860's scope on the grounds that it was not supported by the plain language of the statute.  Id.  Examined in the context of Younesi, the court's statement quoted above was likely made only in reference to the fraud dispute at issue in that case.  The present dispute between BAM and Arrowood contains no allegation of fraud, and absent authority to the contrary, the Court is not inclined to read into Younesi any attempt to narrow the plain language of § 2860(c) as it applies to the arbitrability of disputes over the scope of fees.

The facts of BKM are also distinguishable from the present case.  BKM involved a complete refusal to defend and "nowhere in the complaint [did] respondents allege that the *amount* of legal fees or counsel's *billing rate* was in dispute. Rather, all of the allegations concerning legal fees pertain[ed] to appellants' failure to pay them at all."  BKM, 2005 WL 361418, at *4 (emphasis in original).  By contrast, independent counsel has been appointed here pending resolution of the underlying scope of coverage and duty to defend issues in a situation similar to a reservation of rights.  The amount of legal fees constitute the focus of the parties' immediate dispute.  As a result, BKM does not apply.

Additional case law also supports submitting a dispute over reasonableness of fees to arbitration.  For instance, the court in Larkin v. ITT Hartford, 1999 U.S. Dist. LEXIS 9960, at *21 fn.

1 | 1 (N.D. Cal. June 29, 1999), recognized that "any dispute between

2 | the parties as to the amount of reasonable attorneys' fees and

3 | costs incurred by plaintiffs in defense of [the insured] is

4 | subject to arbitration." Id. In its decision, the court stated

5 | that the plaintiffs maintained the ability to recover fees and

6 | costs through arbitration "on the ground that such fees and costs

7 | were reasonable and necessary to the defense." Id. Finally, in

8 | Truck Insurance Exchange v. Superior Court, 51 Cal. App. 4th 985,

9 | 998 (1996), the court determined that disputes "over the rate *and*

10 | *scope* of fees to be paid to independent counsel" are arbitrable.

11 | Id. (emphasis added).

12 | While the coverage action here involves a counterclaim for

13 | breach of contract, the focus of the immediate dispute is clearly

14 | the amount of fees to be paid to independent counsel. This case

15 | is accordingly distinguishable from the precedent Arrowood cites,

16 | in which fees constituted at most an aspect of the claims rather

17 | than their focus. See BKM, 2005 WL 361418, at *4; Younesi, 169

18 | Cal. App. 4th at 458. Here, Arrowood has paid a majority of

19 | independent counsel's fees and simply contests payment of the

20 | full amount billed. BAM's breach of contract counterclaim was

21 | brought as a result of this fee dispute, and no overarching fraud

22 | allegations are present. This is precisely the type of dispute

23 | properly submitted to arbitration, with issues of a duty to

24 | defend and any other legal determinations reserved for the Court.

25 | Further, in light of the case law, the Court is unconvinced

26 | by Arrowood's narrow reading of the statute. Because it would be

27 | difficult to arbitrate rates absent determinations of

28 | reasonableness, the Court sees the issues as closely related. To

1  hold that § 2860(c) nevertheless submits only the determination

2  of rates to arbitration would be illogical and would negate the

3  provision's purpose of relegating fee disputes to arbitration.

4                    c.  Arbitrability of Allocation

5        Arrowood also contends that the Court, not an arbitrator,

6  must allocate costs between offensive and defensive tasks, thus

7  determining which costs are Arrowood's responsibility.  BAM

8  responds by emphasizing the broad language of § 2860's

9  arbitration mandate, arguing that the requirement to submit

10  "[a]ny dispute concerning attorney's fees" to arbitration covers

11  the allocation dispute.

12       No California court has come close to articulating an

13  allocation carveout to the § 2860(c) arbitration requirement.

14  While it also appears that no court has explicitly resolved a

15  dispute over allocation issues and included them in arbitration,

16  this is not determinative.  Because allocation of fees is related

17  to determinations of rates and reasonableness, the absence of

18  case law excluding allocation should tip in favor of submitting

19  the issue to arbitration.  In other words, there is no reason to

20  disregard the plain language of § 2860(c) in the absence of

21  contrary authority.

22       As with reasonableness, allocation bears directly on the

23  amount of legal fees owed.  An allocation inquiry would logically

24  proceed with a reasonableness inquiry, in that an arbitrator

25  would be unlikely to find an offensive task reasonably related to

26  BAM's defense.  In light of the Court's finding that

27  reasonableness is arbitrable, it would again be impractical and

28  unnecessary to reserve the allocation determination for the

1  Court.   To take allocation of defensive and offensive fees out of

2  the scope of arbitration would unnecessarily separate related and

3  dependent determinations and create judicial inefficiency.

4        In summary, the parties do not dispute that independent

5  counsel rates are arbitrable.  Further, the Court finds that

6  reasonableness and allocation of defensive tasks should also be

7  submitted to arbitration.

8                    d) Plaintiff's Request to Stay Arbitration

9        Arrowood asks the Court to stay arbitration on the basis

10  that proceeding with arbitration before resolution of the

11  coverage action would "not be meaningful" and would waste court

12  resources.  Arrowood primarily relies on Janopaul + Block Cos. v.

13  Superior Court, 200 Cal. App. 4th 1239, 1251 (2011), in arguing

14  that the Court should stay any fee arbitration until it decides

15  the issues in the coverage action.  BAM asserts that there is no

16  basis to stay arbitration in this case and that Truck Insurance

17  Exchange v. Superior Court, 51 Cal. App. 4th 985, 998 (1996),

18  applies and supports its contention.

19       California Courts of Appeals have been somewhat inconsistent

20  in their treatment of the timing of arbitration within larger

21  coverage actions over the duty to defend.  See Pepsi-Cola Metro.

22  Bottling Co. v. Ins. Co. of N. Am., No. CV-10-2696 SVW (MANx),

23  2010 U.S. Dist. LEXIS 144401, at *45 fn. 18 (C.D. Cal. Dec. 28,

24  2010) ("[T]he Intergulf court may have broken with the Compulink

25  court in requiring that issues regarding the duty to defend and

26  bad faith be addressed prior to arbitration under § 2860(c)

27  . . . ." (emphasis in original)).  However, under Truck, fee

28  disputes may be arbitrable prior to any legal determination of

10

1  coverage issues in cases where an insurer (1) is providing a

2  defense under a reservation of rights and (2) has agreed to

3  independent counsel. See Truck, 51 Cal. App. 4th at 998.  While

4  Truck did not address every precise issue presented in this case,

5  it does establish that arbitration may appropriately occur before

6  coverage issues over the duty to defend are resolved.  Id.  Where

7  an insurer has not agreed to the insured's representation by

8  independent counsel, the situation may be different.  Id. at 997

9  (citing Truck Ins. Exch. v. Dynamic Concepts, Inc., 9 Cal. App.

10 4th 1147, 1150 (1992)) ("[W]here the [insurer] refuses to provide

11 a defense through independent counsel, the legal issue must be

12 decided by the court before section 2860 arbitration is

13 available.").  For instance, in Janopaul, the court reversed a

14 grant of arbitration where the insurer had breached its duty to

15 defend and engaged in bad faith conduct.  See Janopaul, 200 Cal.

16 App. 4th at 1251.  However, Janopaul is distinguishable because

17 independent counsel had not been agreed upon in that case.  Id.

18 By contrast, where independent counsel is appointed, "it would

19 undermine the concept of reservation of rights to preclude

20 resolution of the issue until after the declaratory relief action

21 has been decided." Truck, 51 Cal. App. 4th at 998.  Under Truck,

22 once the reasonable amount of fees is determined in arbitration

23 and paid by Arrowood, the reservation of rights, or in this case

24 a pending declaratory relief action, would still permit Arrowood

25 to recover any overpayments pursuant to the Court's findings on

26 the duty to defend.  Additionally, Arrowood has already paid a

27 substantial portion of BAM's independent counsel's fees, meaning

28 that even if arbitration were stayed, Arrowood would still have

1    to recover fees if it succeeds in the coverage action.

2       The Court finds <u>Truck</u> controlling in the present case and

3    accordingly denies Arrowood's request for a stay.

4

5                      II.  ORDER

6       For the foregoing reasons, the Court hereby grants Bel Air

7    Mart's Motion to Compel Arbitration and orders that Arrowood

8    submit all issues concerning the amount of fees it owes for the

9    work of BAM's independent counsel to binding arbitration pursuant

10    to California Civil Code § 2860(c).  Arrowood's request for a

11    stay is denied.

12       IT IS SO ORDERED.

13    Dated: June 3, 2013

14                   JOHN A. MENDEZ,
                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28